# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NEOPOST USA, INC., <br><br>      Plaintiff, <br> v. <br><br> JOHN MCCABE, <br><br>      Defendant. | 3:11 - CV - 1369 (CSH) |

## ORDER TO SHOW CAUSE

HAIGHT, Senior District Judge:

Upon Plaintiff's Motion for Temporary Restraining Order, Order to Show Cause and Preliminary Injunction, dated September 6, 2011, with accompanying Memorandum of Law and Declarations of Gerard Grossano, Lance Reed, Kevin Flood, Patricia Steimle, Jeffrey Ziplow, Michael Eidel, Esq. and Michael Young in Support of the Motion for Temporary Restraining Order and for Preliminary Injunction, it is hereby:

ORDERED that Defendant John McCabe ("McCabe") and/or counsel shall appear to show cause before this Court, at 157 Church Street, New Haven, Connecticut 06510, 17th Floor Courtroom, on **October 3, 2011**, at **10:30 a.m.**, or as soon thereafter as counsel can be heard, why an order should not issue in this action as follows:

    1.    Enjoining Defendant John McCabe from continuing to render services at or to Pitney Bowes, Inc. or any other competitor of Plaintiff Neopost USA Inc., directly or indirectly, within a fifty (50) mile radius of Neopost's offices in Milford, Connecticut, Southington, Connecticut, Burlington, Massachusetts,

1

or Fall River, Massachusetts, immediately and thereafter for a period equal to the number of days from his first date of employment with Pitney Bowes through July 31, 2012;

2. Enjoining Defendant John McCabe from contacting, soliciting, or selling to, directly or indirectly, any person or entity which was a customer of Neopost USA Inc. as of July 31, 2011, immediately and thereafter for a period equal to the number of days from his first date of employment with Pitney Bowes, Inc. through July 31, 2012; and

3. Requiring that Defendant John McCabe:

(a) Preserve and return to Neopost USA Inc. any and all property belong to it, including but not limited to all copies of any documents or information, whether in hard copy, electronic, or other form;

(b) Preserve and return to Neopost USA Inc. all electronic storage devices that were inserted into any Neopost USA Inc. computer, including but not limited to the "Kingston" flash or thumb drive and the "Lacie Mobile Drive";

(c) Refrain for using, disclosing, or permitting the use or disclosure of, directly or indirectly, any "Confidential Information" as that term is defined in the February 2, 2005 Disclosure, Assignment, Confidentiality and Non-Competition Agreement and the March 13, 2006 Disclosure, Assignment, Confidentiality and Non-Competition Agreement that McCabe signed.

ORDERED that service of a copy of this Order to Show Cause shall be made on McCabe by overnight delivery to McCabe's home address, by email to his last known email address, or by

overnight delivery, personal service, or email service to McCabe's counsel, if any, on or before **5:00 p.m.** on **September 20, 2011**, and shall be deemed good and sufficient service hereof; and

ORDERED that any additional opposing papers shall be served by email and overnight delivery upon plaintiffs' counsel, Eric Osterberg, Esquire of Fox Rothschild LLP, One Landmark Square, 21st Floor, Stamford, CT 06901, email: eosterberg@foxrothschild.com, and Michael Eidel, Esquire of Fox Rothschild LLP, 2700 Kelly Rd, Suite 300 Warrington, PA 18976, email: meidel@foxrothschild, on or before **12:00 noon** on **September 28, 2011.**

The parties shall be entitled to conduct limited expedited discovery with respect to the issues to be determined at the hearing on Neopost's Order to Show Cause which shall include but not be limited to responses to written discovery due within seven (7) days of service of said written discovery.

It is SO ORDERED.

Dated: New Haven, Connecticut
September 19, 2011

*/s/Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge